UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE LEMON,<br><br>    Petitioner<br><br>v.<br><br>WARDEN BETH RICKARD,<br><br>    Respondent. | CIVIL ACTION NO. 3:25-CV-00845<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Presently before the Court is Petitioner Andrew Lemon ("Lemon") petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. (Doc. 1). Lemon seeks to be placed in a residential re-entry center ("RRC"). (Doc. 1). It appears that Lemon has already been placed in an RRC. Therefore, the Court will dismiss the petition as moot.

**I.   BACKGROUND AND PROCEDURAL HISTORY**

Lemon initiated this action by filing the instant petition on May 13, 2025. (Doc. 1). Lemon was incarcerated at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill") at the time he filed his petition. (Doc. 1). In this petition, he seeks placement in an RRC facility. (Doc. 1). Following payment of the filing fee in full on May 20, 2025, the Court entered an order requiring Respondent to respond to the petition. (Doc. 4; Doc. 5). Respondent filed a response on July 9, 2025. (Doc. 9). The Court received and docketed Lemon's traverse on August 28, 2025 and again on September 9, 2025. (Doc. 12; Doc. 13; Doc. 14.)

In light of Lemon's request to be released to an RRC, the Court *sua sponte* accessed the Bureau of Prisons' inmate locator, *available at* https://www.bop.gov/inmateloc/, to

determine whether Lemon has since been placed in a an RRC. According to the inmate locator, however, Lemon is currently listed as in the custody of the Residential Reentry Management felid office in Baltimore with a release date of July 6, 2027. Therefore, Lemon is currently housed in an RRC.

## II.   DISCUSSION

In light of Lemon's transfer to an RRC, this matter is now moot and must be dismissed. According to the mootness doctrine, "[i]f developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996).

Here, Lemon sought to be transferred to an RRC. Lemon has been since transferred to an RRC. Thus, this ground for relief is now moot.

## III.   CONCLUSION

For the above stated reasons, the Section 2241 petition will be dismissed as moot. The Clerk of Court will be directed to close the case.

An appropriate order follows.

Dated: February 2, 2026                    *s/ Karoline Mehalchick*
                                                                  **KAROLINE MEHALCHICK**
                                                                  **United States District Judge**

2